(Nos. 78-CC-1375 through 78-CC-1380 cons.—

JEROME MCCARTHY, JAMES KELLEHER, PATRICK J. RUDDY, JEFF-REY KUELTZO, ROBERT MOTTO, and DANIEL DIXON, JR., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 18, 1981.*

JEROME MCCARTHY, JAMES KELLEHER, PATRICK J. RUD-DY, JEFFREY KUELTZO, ROBERT MOTTO, AND DANIEL DIXON, JR., *pro se*, for Claimants.

TYRONE C. FAHNER, Attorney General (PAUL M. SENGPIEHL, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

These are consolidated claims for back salary for the period of December 1, 1976, through June 30, 1977. The facts are not in dispute and are summarized as follows: All Claimants were employed as investigators for the Illinois Department of Revenue prior to 1976. In that year the Department of Revenue decided to reorganize some investigatory functions which would result in a reduction in the classification grade of the Claimants. The Claimants challenged the classification plan before the Civil Service Commission which resulted in an

unfavorable decision to the Claimants. The Claimants, through counsel, then filed a complaint for injunctive relief in the circuit court of Cook County. After hearing the parties the circuit court entered a temporary restraining order restraining the Department of Revenue from putting the reorganization into effect. As a result thereof each of the Claimants remained in their classification as investigator and was paid for that classification.

A settlement agreement was entered into between each of the Claimants and the Department of Revenue whereby the Department of Revenue agreed that each of the Claimants would be reassigned as though each of the contested reductions never occurred. In addition each of the Claimants was offered prospective benefits and/or salary-step increases. The Department agreed that retroactive salary adjustments, in an amount to be computed by the Department of Personnel, would be paid as if each Claimant had received normal step increases at their respective grades and had remained in the same grades prior to reclassification.

Subsequent thereto, in August 1978, the chief personnel officer of the Department of Revenue advised each Claimant that in order to receive the monies due for the period of December 1, 1976, to July 1, 1977, a claim would have to be filed in this Court due to the lapse of the appropriation prior to July 1, 1977. Each Claimant was paid for back pay subsequent to July 1, 1977, at the classification rate for each Claimant. The Department agreed that each Claimant was entitled to back pay from December 1, 1976, to July 1, 1978. The only period in question before the Court is the period from December 1, 1976, to July 1, 1977. This period was included in the settlement agreement between the parties, and was not

paid because it involved the fiscal period prior to the settlement agreement being executed.

The Respondent argues that the pay plan between the Department and Claimants constitutes a claim for additional retroactive wages which would be in conflict with sections 9 and 10 of the State Finance Act (Ill. Rev. Stat. 1976, ch. 127, pars. 145, 146). The Respondent also claims that the requested back pay sought prior to the agreement is violative of section 30 of the State Finance Act (Ill.Rev. Stat. 1976, ch. 127, par. 166), which prohibits obligation of prior fiscal year funds to a subsequent pay plan.

The Court finds that the amount sought by each Claimant does not violate the provisions of sections 9 and 10 of the State Finance Act (Ill. Rev. Stat. 1975, ch. 127, pars. 145, 146), in that it does not constitute "additional payment for work already performed." If the Claimants were not improperly classified they would have received the benefits of the salary sought by each. The classification was found to be improper. The Department entered into a valid voluntary settlement agreement which is binding upon the Respondent. The State should be bound by the terms of the complete settlement agreement which include each claimant being paid for the period of December 1, 1976, through July 1, 1977, for services actually performed. This does not amount to additional compensation over what each would have been paid if each was not improperly classified.

The Respondent, through its duly authorized officer, entered into a valid settlement agreement with each Claimant. The agreement is binding and should be enforced and will be honored by the Court.

Each Claimant shall be awarded the amounts as hereinafter specified.

It is hereby ordered:

The Claimant, Jerome McCarthy, is awarded the sum of $466.83.

The Claimant, James Kelleher, is awarded the sum of $614.66.

The Claimant, Patrick J. Ruddy, is awarded the sum of $614.66.

The Claimant, Jeffrey Kueltzo, is awarded the sum of $244.53.

The Claimant, Robert Motto, is awarded the sum of $614.66.

The Claimant, Daniel Dixon, Jr., is awarded the sum of $614.66.

Said awards are to be modified per appendices A, B, C, D, E and F to reflect appropriate contributions and deductions.